## ECKELUND v. TALBOT.

1. **Appeal:** REVERSAL FOR INSUFFICIENT EVIDENCE. This court will not reverse a judgment for damages on the ground of insufficient evidence, where the evidence is conflicting.

2. **Evidence:** OF IMMATERIAL MATTERS NOT PLEADED. Evidence offered as to matters not pleaded, and of which it is not shown, or proposed to be shown, that they are grounds for recovery, is properly excluded.

3. **Instructions:** AS TO ISSUE WITHOUT EVIDENCE: NOT NECESSARY. Where defendant pleaded several matters in defense, and pleaded all but one of them again by way of counter-claim, and there was no evidence upon the one not pleaded in the counter-claim, and the court instructed that plaintiff would be entitled to recover unless recovery was defeated by the counter-claim, *held* that there was no error in omitting to instruct as to the matter of defense not pleaded in the counter-claim, and as to which there was no evidence.

4. ———— : AS TO MATTER NOT PLEADED AND WITHOUT EVIDENCE : NO PREJUDICE. Where the court instructed as to a matter not pleaded, and as to which there was no evidence, this court will presume, when the contrary does not appear, that the jury made no finding on that point, and that the instruction was, therefore, without prejudice.

*Appeal from Woodbury District Court.*—HON. GEO. W. WAKEFIELD, Judge.

FILED, OCTOBER 7, 1890.

ACTION upon a written contract under which plaintiff performed labor and services for defendant. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Joy, Hudson & Joy*, for appellant.

*Marks & Mould*, for appellee.

BECK, J.—I. The contract in suit binds plaintiff to labor for and serve defendant upon his farm for one year for thirty dollars per month, and other considerations, as the use of a house, etc. He also agreed to keep no stock of his own upon the farm. The petition states other conditions of the contract in this language : "Plaintiff further agrees to perform diligent and faithful service, to preserve and protect all tools, implements and property of defendant on said premises, and to promptly do whatever is needed to be done to protect and preserve the same, and to pay for all tools, implements and property wasted, lost or destroyed through his negligence ; and that before any settlement is made, or payment required, under said contract, defendant shall have time to examine and accept the labor performed by the plaintiff." Other allegations of the petition need not be here recited. It is shown in the petition that the contract was renewed for another year, with an increase of compensation to plaintiff of

ten dollars per month. The defendant seeks to recover on a counter-claim for the use of his team by plaintiff for his own purposes, and for plaintiff's time while so engaged; for labor of his own and of other employes while in defendant's employment; for stock of his own kept upon defendant's farm; for negligence in caring for live-stock and tools and machinery of defendant on the farm; for negligence in harvesting millet; and for occupying premises after his time of employment had expired.

II. The objections first presented in the assignment of errors, and in argument, are to the effect that

**1. APPEAL: reversal for insufficient evidence.** the evidence does not sufficiently support the verdict. The most that can be said on this point is that the evidence is conflicting. Indeed, we understand that this is not denied by defendant's counsel. When the evidence is conflicting we cannot on that ground reverse the judgment.

III. The defendant offered evidence to prove that plaintiff had said to men employed by defendant on the

**2. EVIDENCE: of immaterial matters not pleaded.** farm that they' would not receive their pay, and that he did not expect to get his pay. The evidence was rightly excluded, for the reason that it was not shown, or proposed to be shown, that the men to whom the statement was made were so influenced as to quit plaintiff's employment, or that defendant suffered injury in any way by reason of these declarations; and that it does not appear that defendant pleaded these declarations as a defense or counter-claim.

IV. The contract first ran to March 3, 1887, and was renewed for one year. The petition alleges that

**3. INSTRUCTIONS: as to issue without evidence: not necessary.** plaintiff rendered service under the contract during September and October, 1887, for which he had not been paid. The answer admits that this service was rendered, but alleges that it was so negligently done as to be of no value. The defendant pleaded as a counter-claim injury resulting from plaintiff's negligence in

Eckelund v. Talbot.

harvesting, and in taking care of stock and other prop-
·erty. The court instructed the jury that· plaintiff
would be entitled to recover of defendant, unless
recovery is defeated by the counter-claims, but gave no
instructions as to the defense based upon the negligence
in rendering services in September and October, 1887.
All other matters set up as defense were pleaded in the
counter-claim, including negligence in harvesting, and
in taking care of stock and other property. There is
no other evidence which we have discovered applicable
to the issue involving negligence in September and
October, 1887. We think the evidence of negligence is
wholly applicable to defendant's counter-claim. As
there was no evidence applicable to the issue as to the
negligence in September and October, no prejudice
could have resulted from the failure to instruct the
jury to determine whether there was in fact such negli-
gence, for the reason that,.had such injury been made,
no negligence could have been found.

V. The court directed the jury in effect that
plaintiff was not liable for injury resulting from negli-
gence in harvesting, and care of defendant's
property, if defendant contributed thereto.
It is now insisted by defendant that this
instruction is erroneous, for the reason
that contributory negligence was not pleaded by plain-
tiff. Without inquiry whether the doctrine of contribu-
tory, negligence is applicable to the case, it is sufficient
to say that if it is, or is not, no prejudice resulted to
defendant in giving the instruction, in the absence of
pleadings setting up contributory negligence, for the
reason that there is no evidence thereof. We shall,
therefore, presume that the jury did not find against
defendant because of his own negligence. We shall
rather presume they found in accord with the evidence,
and their verdict was based upon grounds other than
·contributory negligence. These considerations lead us
to the conclusion that the judgment of the district court
ought to be                          AFFIRMED.

4. ——: as to
matter not
pleaded and
without evi-
dence : no
prejudice.